■ CITY OF ROCHESTER, Appellant, v LeCESSE BROS. CONTRACTING, INC., Respondent. — Judgment unanimously reversed, on the law, without costs, and judgment granted in favor of plaintiff declaring the completion date to be March 31, 1985. Memorandum: In this action on submitted facts (CPLR 3222), the dispute concerns the completion date for the general construction work for the Rochester Convention Center. After competitive bidding, plaintiff, City of Rochester, awarded the general construction contract to defendant, LeCesse Bros. Contracting, Inc. Following the signing of the contract, the city engineer notified LeCesse to proceed with the work and stated that, pursuant to the terms of the contract, the work was to be completed by March 31, 1985. LeCesse disagreed and informed the city that the contract calls for a completion date of November 30, 1985. Special Term determined that the proper completion date is November 30, 1985 and the city appeals. We reverse. Construing the terms of the contract documents, we hold that the proper completion date is March 31, 1985. ¶ The date of March 31, 1985, relied upon by the city, appears in the supplementary instructions to bidders, as amended by addendum No. 1, and the date of November 30, 1985, relied upon by LeCesse, appears in the proposal, as amended by addendum No. 3. A reading of the contract documents leads to the conclusion that the supplementary instructions to bidders, and not the proposal, control the completion date. The agreement, which is a part of the bid documents and which was signed by the parties, states that the contractor agrees that it will complete the work "by the date specified in the Supplementary Instructions to Bidders." It also provides that the contractor shall be liable for liquidated damages should it fail to complete the work "by the date specified in the Supplementary Instructions to Bidders." The general conditions, made a part of the contract documents, provide that the supplementary instructions to bidders shall take precedence over all contract documents other than addenda. ¶ The inconsistency in the contract documents was created, apparently inadvertently, when the city, by addendum No. 3, amended the proposal for the general construction work. Originally, the supplementary instructions to bidders gave the completion date as November 30, 1985. Addendum No. 1, which affects all of the prime contracts, changed the completion date to March 31, 1985 in both the supplementary instructions to bidders and the proposal. Addendum No. 3, which affects only the general construction contract, consists of a revised proposal page which added further unit prices. This revised proposal page contains the original completion date of November 30, 1985. Addendum No. 3 did not change the March 31, 1985 date in the supplementary instructions to bidders for the general construction contract, nor did it change the date in the proposals for the other prime contracts. ¶ Obviously, the inconsistency concerning the completion date cannot be reconciled. Since, by the terms of the

agreement, the contractor agrees to complete the work by the date specified in the supplementary instructions to bidders and the supplementary instructions to bidders take precedence over the proposal, the date in the supplementary instructions to bidders is the governing completion date. ¶ LeCesse cannot complain that it was led astray by the completion date contained in the revised proposal. The agreement specifically provides that "[t]he Contractor has given the City Engineer written notice of all conflicts, errors or discrepancies that he has discovered in the contract documents and the written resolution thereof by the City Engineer is acceptable to the Contractor." Not only was there a discrepancy between the dates contained in the proposal and the supplementary instructions to bidders, but there was also a discrepancy in the proposal form signed by LeCesse. That form, in addition to specifying the November 30, 1985 completion date, also required LeCesse to complete the work by the date specified in the supplementary instructions to bidders. LeCesse was aware of these discrepancies, yet failed to bring them to the attention of the city as required by the contract documents. (Appeal from judgment of Supreme Court, Monroe County, Patlow, J. — submission of controversy.) Present — Doerr, J. P., Boomer, Green, O'Donnell and Schnepp, JJ.